NO. 07-03-0530-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 12, 2004

_____

IN THE INTEREST OF K.L., J.H., C.J.L., S.F.L., AND I.J.L., CHILDREN

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B29927-9809; HONORABLE ED SELF, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**ABATEMENT AND REMAND**

Following termination of his parental rights, appellant Chris Lopez filed a *pro se* "Notice of Desire to Appeal" the trial court's judgment. By letter dated December 25, 2003, appellant notified this Court of his request for appointment of an attorney ad litem and to proceed *in forma pauperis*. We abate the appeal and remand the cause.

In Texas there is a statutory right to counsel for indigent persons in parental termination cases. Tex. Fam. Code Ann. § 107.013(a)(1) (Vernon Supp. 2004); *see also*

In re M.S., 115 S.W.3d 534, 544 (Tex. 2003). Therefore, we abate the appeal and remand the cause to the trial court for further proceedings. Upon remand the trial court is directed to determine if appellant is indigent and whether an attorney ad litem shall be appointed to represent appellant on appeal.

Should the trial court determine that appellant is indigent and entitled to an attorney ad litem, the trial court is directed to appoint counsel and provide counsel's name, address, telephone number, and state bar number in the order appointing counsel. The order is to be included in a supplemental clerk's record to be filed with this Court on or before Friday, January 30, 2004.

The trial court is directed to hold any hearings it deems necessary to comply with this order. If the trial court determines that appellant is not indigent or is not entitled to appointed counsel, then such determination shall be made only following an evidentiary hearing. A reporter's record of the evidentiary hearing is to be filed with the appellate clerk on or before January 30, 2004.

It is so ordered.

Per Curiam